UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIANNE C. KAMPINEN,

    Plaintiff,

v.

SECURITAS SECURITY SERVICES USA, INC.,

    Defendant.

No. 16 CV 4335

Judge Manish S. Shah

## ORDER

Securitas's motion to dismiss, [13], is granted in part. The Clerk is directed to enter judgment dismissing the federal claims with prejudice, dismissing the state law claims without prejudice, and remanding the case to the Circuit Court of Cook County. Terminate civil case.

## STATEMENT

In 2015, Dianne Kampinen filed a pro se complaint against Securitas Security Services USA, Inc., and others. Her claims arose out of her termination from Securitas, when she was a security guard assigned to the Art Institute of Chicago. Her claims included: defamation, wrongful discharge, breach of an implied contract, and discrimination (citing Title VII, the Americans with Disabilities Act, and Age Discrimination in Employment Act). The complaint was dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and absent a federal cause of action, the court declined to exercise supplemental jurisdiction over the state law claims. *Kampinen v. Securitas Security Service et al.*, 15-cv-02002 (N.D. Ill. Mar. 11, 2015). Kampinen appealed the dismissal. The Seventh Circuit denied her motion to proceed in forma pauperis and affirmed dismissal of her complaint. *Kampinen v. Securitas Security Services USA, Inc.*, No. 15-1584 (7th Cir. July 21, 2015). In March 2016, Kampinen again filed suit against Securitas in Illinois state court, asserting claims for defamation, breach of an implied contract, intentional infliction of emotional distress, violation of the Illinois Human Rights Act, and violations of Title VII and the ADA. Securitas removed the action to federal court and now moves to dismiss Kampinen's complaint on res judicata grounds, also arguing that the complaint fails to comply with Federal Rule of Civil Procedure 8(a) pleading

requirements, fails to state a claim, and that her Illinois Human Rights Act claim is untimely.

In opposing the motion to dismiss, Kampinen suggests that removal of her current action to federal court was inappropriate. Securitas removed the lawsuit on the basis of federal question jurisdiction under 28 U.S.C. § 1441, so removal was proper if a federal question is presented on the face of the plaintiff's complaint. *See Citadel Sec., LLC v. Chicago Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015). Kampinen's complaint alleges claims arising under federal laws, including Title VII (citing to 42 U.S.C. §§ 2000e-2, 2000e-3), and the Americans with Disabilities Act (citing to 42 U.S.C. § 12102). Kampinen's complaint also includes claims brought under state law (e.g., violations of the Illinois Human Rights Act, defamation, intentional infliction of emotional distress, implied contract), but "[a] single federal claim suffices to support removal." *Matter of Amoco Petroleum Additives Co.*, 964 F.2d 706, 710 (7th Cir. 1992) (citing 28 U.S.C. § 1441(c)). Therefore, Securitas's removal to federal court was proper.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Barr v. Bd. of Trustees of W. Ill. Univ.*, 796 F.3d 837, 839 (7th Cir. 2015) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The aim of the doctrine is to relieve the parties from litigating multiple suits, to conserve judicial resources, to prevent inconsistent decisions, and to encourage reliance on adjudication. *Id.* at 839–40. The doctrine of res judicata will block a second lawsuit if the suits involve: (1) the same parties (or parties in privity); (2) claims based on the same, or nearly the same, factual allegations in both suits; (3) a final judgment on the merits in the first suit. *Id.* at 840.

The first element of res judicata is met because no one disputes that Kampinen and Securitas were both parties in Kampinen's first lawsuit. The second element is also met: the claims in Kampinen's first lawsuit are based on the same, or nearly the same, factual allegations as her second lawsuit. *See Barr*, 796 F.3d at 840. Both lawsuits arise out of the same core operative facts, specifically Securitas's termination of Kampinen in October 2014 (when she worked as a security guard assigned to the Art Institute) and Kampinen's allegations that Securitas's termination was pretextual, violated various state and federal laws, and defamed her.

The remaining element—a final judgment on the merits—is met only for Kampinen's federal claims. Kampinen's first suit was dismissed with prejudice for failure to state a claim, and the dismissal was affirmed on appeal. "A Rule 12(b)(6) dismissal for failure to state a claim upon which relief may be granted 'is a decision

on the merits with full res judicata effect.'" *Lee v. Vill. of River Forest*, 936 F.2d 976, 981 (7th Cir. 1991) (quoting *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987)); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"). The dismissal order, however, only addressed Kampinen's failure to state a federal claim; the court specifically declined to exercise supplemental jurisdiction over her state law claims. Res judicata only bars Kampinen's federal claims. *See Hommrich v. Marinette Cty.*, 175 F.3d 1020 (Table), 1999 WL 106229 at *3 (7th Cir. 1999) (where the court declined supplemental jurisdiction over state law claims in the plaintiff's first lawsuit, only her federal claims were barred in her second lawsuit and "[s]he remain[ed] free, however, to pursue her state law claims in state court"); *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 591, 597 (7th Cir. 1986) (when the court declined supplemental jurisdiction over the state law claims in the plaintiff's first lawsuit, the court properly barred federal claims in the second lawsuit through res judicata but dismissed the plaintiff's state law claims).

Kampinen points to a "Securitas executive, website document" as new evidence and argues that res judicata would not apply. This website is insufficient to avoid the res judicata bar on her federal claims because courts presume that a plaintiff "conducted her 'legal and factual homework'" at the time she filed her first suit. *Jagla v. BMO Fin. Grp.*, 248 Fed. App'x 743, 745 (7th Cir. 2007) (quoting in part *Car Carriers*, 789 F.2d at 596). Moreover, the website article is dated July 8, 2015, nearly one year after Kampinen's termination, and therefore cannot plausibly constitute new evidence for federal claims arising out of her October 2014 termination.

Absent a pending federal claim, this court again declines to exercise supplemental jurisdiction over Kampinen's state law claims. See 28 U.S.C. § 1367(c)(3). "Once the federal portion of a removed suit has been resolved, remand to state court is appropriate." *Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)).

The Clerk is instructed to remand this case to the Circuit Court of Cook County.

ENTER:

Date: 7/20/16

                                    Manish S. Shah
                                    U.S. District Judge